# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| FRANKLIN JOE FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV416-063 |
| | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Franklin Fields has, for the sixth time in less than a year,[1] filed a facially frivolous Complaint[2] and woefully deficient *in forma pauperis* (IFP) application.[3] In past Fields cases, the Court has given him an opportunity to replead and ordered him to submit additional IFP

---

[1] *See Fields v. Savannah Marine Terminal*, 2016 WL 823020 at * 1 (S.D. Ga. Feb. 26, 2016); *Fields v. Grove High School*, CV416-062, doc. 1 (S.D. Ga. Feb 23, 2016); *Fields v. Disability Adjudication*, CV416-028, doc. 1 (S.D. Ga. Jan. 27, 2016); *Fields v. Dep't of Treasury*, CV416-026, doc. 1 (S.D. Ga. Jan. 26, 2016); *Fields v. Social Security Administration*, CV415-122, doc. 1 (S.D. Ga. May 7, 2015).

[2] Fields' statement of claim, in its unedited entirety: "Now they are going to cut me off of my social security income for my son Franklin Omar Jemeurey Fields Jr. from his disability." Doc. 1 at 3. Under no pleading standard does that state a claim.

[3] As in past cases, Fields failed even to declare under penalty of perjury that his indigency affidavit, which itself is incomplete (doc. 2), is true. *Id.*

information. *See, e.g.*, Fields, 2016 WL 823020 at * 1. That has proven a waste of time, as Fields has consistently failed to adequately amend his complaints or to obey the Court's IFP orders. *See id.*[4] The Court will not do the same thing again this time and expect a different result. Accordingly, this case should be **DISMISSED** for failure to state a claim.[5]

**SO REPORTED AND RECOMMENDED,** this  14th   day of April, 2016.

```
                                    /s/ G.R. Smith
                              UNITED STATES MAGISTRATE JUDGE
                              SOUTHERN DISTRICT OF GEORGIA
```

---

[4] To curb Fields' abuse of the judicial system, the Court recently imposed significant, but limited, filing restrictions on any future filings for a period of six months, to run from February 26, 2016. *See Fields*, 2016 WL 823020 at * 2-3. Because he filed the present action three days prior to that Report and Recommendation, however, it escapes those restrictions.

[5] "The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrections*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011)." *Bright v. Fogle*, 2016 WL 347690 at * 1 (S.D. Ga. Jan. 28, 2016). But Complaints that do not allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged" must perish. *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). That's the case here. *See supra*, n. 2.

2